Dear Marshal Picard,
In response to your request for an opinion of this office, note at the outset that we conclude an individual who holds full-time appointive office may not simultaneously hold local elective office. This legal conclusion is based upon the dictates of the Dual Officeholding and Dual Employment Laws, LSA-R.S.42:61, et seq., and the prohibitins [prohibitions] therein, which pertinently provide:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
The position of deputy marshal is an appointed office (see LSA-R.S. 13:1881) while the position of constable constitutes an elected office. (See LSA-R.S. 13:1879). Note that the prohibition extends only to the holding of a full-time appointed office; should the deputy marshal be part-time, the prohibition would be inapplicable. See Attorney General Opinion 95-271, attached.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: Date Released:
KERRY KILPATRICK ASSISTANT ATTORNEY GENERAL